**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

NORVING SANCHEZ ALFARO,

Petitioner,

v. Case No. 2:26-cv-03577 KWR-SCY

WARDEN, Otero County Processing Center,
MARY DE ANDA-YBARRA, Field Officer Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; ACTING DIRECTOR, Acting Director
Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, U.S. Department
Of Homeland Security; AND TODD BLANCHE,
*Acting* U.S. Attorney General,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus. Petitioner is a noncitizen in ICE custody. He asserts that his detention or arrest violates the constitution. As explained below, Petitioner's claims are not well-taken. Therefore, the Petition is **DENIED**.

**BACKGROUND**

Petitioner is a citizen of Nicaragua in ICE detention at the Otero County Processing Center. He entered the United States on or about September 13, 2024. Petitioner was detained by border patrol agents in Tampa, Florida on June 4, 2026. They issued a warrant for his arrest, and a certificate of service attests that a copy of the warrant was provided to him. *See* Doc. 6-2 at 1. On

September 25, 2026 an immigration judge ordered him removed. Petitioner reserved appeal, but did not appeal his removal order. Therefore, his removal order became final on or about October 26, 2026.

Petitioner asserts that he was unlawfully arrested without a warrant. He also asserts that Respondents refused to provide him a bond hearing under 8 U.S.C. 1226(a). Petitioner does not assert that he was paroled into the United States or challenge the revocation of any parole in his Petition. The Court does not raise any such claim on his behalf.

**DISCUSSION**

Petitioner asserts claims which challenge his arrest or detention. Respondents assert that Petitioner is mandatorily detained because a final order of removal was issued.

It appears that Petitioner is now mandatorily detained under 8 U.S.C. § 1231, or he is otherwise detained under *Zadvydas*. It appears that Petitioner's removal order may be final. An immigration judge issued an order of removal on September 25, 2026. Petitioner reserved appeal but did not appeal his removal order.

Pursuant to the Immigration and Nationality Act, the Respondents must remove a noncitizen within a 90-day removal period. 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, the noncitizen must be detained. *Id.* § 1231(a)(2). Upon expiration of the initial removal period, the Respondents may continue to detain the noncitizen, but not indefinitely. *Id.* § 1231(a)(6); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Continued detention for six months is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. After six months, if the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Respondents must then rebut the noncitizen's showing with evidence. *Id.*

The "removal period" begins once a noncitizen's removal order "becomes administratively final," § 1231(a)(1)(B), meaning the order has been affirmed by the BIA or the time for seeking review has expired, 8 U.S.C. § 1101(a)(47)(B). *Riley v. Bondi*, 606 U.S. 259, 267 (2025) ("An order of removal becomes final at the earlier of two points: (1) 'a determination by the [BIA] affirming such order,' or (2) 'the expiration of the period in which the alien is permitted to" petition the BIA for review of the order.') (citation omitted). The regulations set forth when an order of removal becomes final. *See* 8 C.F.R. § 1241.1. Specifically, the regulations state in part that an order of removal is final when (1) an appeal is dismissed or (2) waiver of appeal. *Id.* § 1241.1(a), (b).

Here, Petitioner's removal order was issued on September 25, 2026. It appears he reserved appeal of his removal order but he did not appeal his removal order. Thus, his removal order was final upon the expiration of the time allotted for an appeal. 8 C.F.R. § 1241.1(c). Petitioner is therefore mandatorily detained under § 1231(a)(2) for ninety days from October 26, 2026.

Thus, Petitioner is mandatorily detained under § 1231 for 90 days from the entry of his final order of removal on October 26, 2026. Alternatively, Petitioner is within the six month presumptively reasonable detention period under *Zadvydas*. Assuming a petitioner may rebut the presumption, here Petitioner does not assert under *Zadvydas* that it is not significantly likely that he will be removed in the reasonably foreseeable future. Upon expiration of the initial removal period, the Respondents may continue to detain the noncitizen, but not indefinitely. *Id.* § 1231(a)(6); *Zadvydas*, 533 U.S. at 699. Continued detention for six months is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. After six months, if the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,"

the Respondents must then rebut the noncitizen's showing with evidence. *Id.* Here, Petitioner does not argue or demonstrate that he is not removable.

Petitioner also appears to assert a Fourth Amendment claim. He asserts he was arrested without a warrant. But Respondents provided evidence that he was arrested pursuant to a warrant, and the warrant includes a certificate of service. Even assuming he was arrested without a warrant, he has not established that such a violation entitles him to release. Generally, the remedy for a Fourth Amendment violation is suppression of unlawfully seized evidence. Evidence collected as part of an unconstitutional seizure may be inadmissible. *United States v. Samilton*, 56 F.4th 820, 826 (10th Cir. 2022) (citing *Terry v. Ohio*, 392 U.S. 1, 29 (1968)). However, "an illegal arrest has no bearing on a subsequent deportation proceeding." *United States v. Olivares-Rangel*, 458 F.3d 1104, 1110 (10th Cir. 2006) (quoting *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984)). "It was in [the context of a deportation proceeding] in which the Court noted that the 'body' or identity of a defendant is never suppressible as fruit of an unlawful arrest." *Id.*

Generally, the purpose of a habeas petition under § 2241 is to test whether a petitioner's *current* detention is lawful, and a *prior* unlawful arrest does not require release when detention is otherwise lawful. *See United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) (finding that a habeas petition is "not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest"); *see also Stone v. Powell*, 428 U.S. 465, 485 (1976) (noting that "judicial proceedings need not abate when the defendant's person is unconstitutionally seized") (citing *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975)); *Walker v. Wainwright*, 390 U.S. 335, 337 (1968) (As the Supreme Court has recognized, "the great and central office of the writ of habeas

corpus is to test the legality of a prisoner's current detention."); *see also Arias v. Rogers*, 676 F.2d 1139, 1143 (7th Cir. 1982) (explaining that once deportation proceedings started, the legality of the noncitizens' detention based on a lack of warrant can no longer be tested by way of habeas corpus). Here, it appears that Petitioner is lawfully detained under § 1231.

For the reasons stated above, Petitioner's Petition is denied.

**IT IS THEREFORE ORDERED** that Petitioner's Petition is hereby **DENIED.**

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE